1  Dale M. Cendali (admitted *pro hac vice*)
   dale.cendali@kirkland.com
2  Joshua L. Simmons (admitted *pro hac vice*)
   joshua.simmons@kirkland.com
3  KIRKLAND & ELLIS LLP
   601 Lexington Avenue
4  New York, New York 10022
   Telephone: (212) 446-4800
5  Facsimile: (212) 446-4900

6  Yungmoon Chang (S.B.N. 311673)
   yungmoon.chang@kirkland.com
7  KIRKLAND & ELLIS LLP
   2049 Century Park East
8  Los Angeles, CA 90067
   Telephone: (310) 552-4200
9  Facsimile: (310) 552-5900

10 *Attorneys for Defendant Epic Games, Inc.*

11             **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14 KYLE HANAGAMI, an individual,       )   CASE NO. 2:22-cv-02063-SVW-
                                       )   MRWx
15             Plaintiff,              )
                                       )
16       v.                            )   **DEFENDANT EPIC GAMES, INC.'S**
                                       )   **REQUEST FOR JUDICIAL**
17 EPIC GAMES, INC., a North           )   **NOTICE IN SUPPORT OF ITS**
   Carolina Corporation, et al.,       )   **MOTION TO DISMISS**
                                       )   **PLAINTIFF'S COMPLAINT AND**
18             Defendants.             )   **SPECIAL MOTION TO STRIKE**
                                       )   **(ANTI-SLAPP), OR IN THE**
19                                     )   **ALTERNATIVE, MOTION TO**
                                       )   **STRIKE CERTAIN FORMS OF**
20                                     )   **RELIEF**
                                       )
21                                     )   Complaint Filed Date:  March 29, 2022
                                       )
22                                     )   Judge:         Stephen V. Wilson
                                       )   Hearing Date:  June 27, 2022
23                                     )   Time:          1:30pm
                                       )   Courtroom:     10A
24 ─────────────────────────────────── )

25

26

27

28

1      Pursuant to Federal Rule of Evidence 201, Defendant Epic Games, Inc.

2   ("Epic") submits this request for judicial notice in support of its concurrently-filed

3   motion to dismiss Plaintiff Kyle Hanagami's ("Plaintiff") Complaint (Dkt. No. 1) (the

4   "Complaint") in its entirety, pursuant to Federal Rule of Civil Procedure ("Federal

5   Rule") 12(b)(6); special motion to strike (anti-SLAPP) Plaintiff's unfair competition

6   claim (Count III), pursuant to California Code of Civil Procedure § 425.16; or in the

7   alternative, motion to strike certain forms of relief sought by Plaintiff, pursuant to

8   Federal Rule 12(f).

9      As discussed below, Epic requests that, in deciding Epic's motion, this Court

10   consider the works at issue that were incorporated by reference into and relied upon

11   by Plaintiff in his Complaint. "[A] court may properly take judicial notice of . . .

12   material which is included as part of the complaint or relied upon by the complaint."

13   *Frere v. Medtronic, Inc.*, No. 5:15 Civ. 02338, 2016 WL 1533524, at *3 (C.D. Cal.

14   Apr. 6, 2016); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Zindel*

15   *v. Fox Searchlight Pictures, Inc.*, No. 2:18 Civ. 1435, 2018 WL 3601842, at *3 (C.D.

16   Cal. July 23, 2018).  Courts also may take judicial notice of documents where the

17   "plaintiff's claim depends on the contents of a document," even though the plaintiff

18   does not explicitly refer to the document in the complaint.  *Knievel*, 393 F.3d at 1076.

19      In copyright cases, in particular, courts routinely take judicial notice of the

20   works at issue to determine whether to grant a motion to dismiss like that filed by

21   Epic.  For example, in *Fillmore v. Blumhouse Productions, LLC*, the court took

22   judicial notice of a manuscript and film that were referenced in, but not attached to,

23   the plaintiff's complaint.  No. 2:16 Civ. 04348, 2017 WL 4708018, at *3 (C.D. Cal.

24   July 7, 2017) (granting motion to dismiss).  Similarly, in *Silas v. Home Box Office,*

25   *Inc.*, the court took judicial notice of a motion picture trailer, a shortened trailer, a

26   screenplay, a treatment, and the *Ballers* television series that were referenced in the

27   plaintiff's complaint but not attached.  201 F. Supp. 3d 1158, 1168 (C.D. Cal. 2016)

28

1  (granting motion to dismiss).  In *Sobhani v. @Radical.Media Inc.*, the court took
2  judicial notice of the content of the movie *Cast Away* where the plaintiff alleged that
3  the defendant's commercial infringed his commercial spoof of that movie, and the
4  movie was not attached to the plaintiff's complaint.  257 F. Supp. 2d 1234, 1235 n.1
5  (C.D. Cal. 2003); *see also Zindel*, 2018 WL 3601842, at *3 (on motion to dismiss,
6  taking judicial notice of two versions of a play, a film, and book where plaintiff
7  alleged that defendants infringed his copyrights in the play at issue with a film and a
8  novelization of that film but did not attach those works to the complaint); *Campbell v.*
9  *Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 (N.D. Cal. 2010) (on motion to dismiss,
10  taking judicial notice of the movie *Cars* and written screenplay where "[p]laintiff
11  refer[red] to the contents of the motion picture 'Cars' and the text of [the screenplay]
12  in the Complaint but [did] not attach either as an exhibit").

13      Here, Plaintiff's Complaint asserts that he posted a video titled "CHARLIE
14  PUTH - How Long | Kyle Hanagami Choreography" to YouTube ("How Long
15  Video").  Dkt. 1 (Compl.) ¶ 16.  It also alleges that Plaintiff "is the author and
16  copyright claimant of Copyright Registration Number PA 2-777-839, which covers
17  the 'How Long Choreography,'" the asserted choreography in the How Long Video.
18  *Id.* ¶ 1.  Accordingly, it is appropriate for this Court to consider the deposit copy that
19  Plaintiff submitted to the Copyright Office showing him performing the dance.
20  Declaration of Dale M. Cendali, Esq., dated May 27, 2022 ("Cendali Decl.") Ex. A
21  (deposit copy); *Frere*, 2016 WL 1533524, at *3.

22      In addition, Plaintiff alleges that the "It's Complicated" emote contained in
23  Epic's *Fortnite* infringes Plaintiff's registered work.  *See, e.g.*, Compl. ¶¶ 2, 3.  Thus,
24  this Court also may consider the "It's Complicated" emote.  Cendali Decl. Ex. B;
25  *Sobhani*, 257 F. Supp. 2d at 1235 n.1; *Silas*, 201 F. Supp. 3d at 1168 (C.D. Cal. 2016).

1    For the foregoing reasons, Epic respectfully requests that the Court take judicial

2 notice of the works at issue (*i.e.*, Exhibits A and B to the Cendali Declaration).[1]

3

4   DATED:  May 27, 2022

      */s/ Dale M. Cendali*
5                                              Dale M. Cendali (admitted *pro hac vice*)
                                               dale.cendali@kirkland.com
6                                              Joshua L. Simmons (admitted *pro hac vice*)
                                               joshua.simmons@kirkland.com
7                                              KIRKLAND & ELLIS LLP
                                               601 Lexington Avenue
8                                              New York, New York 10022
                                               Telephone: (212) 446-4800
9                                              Facsimile: (212) 446-4900

10                                             Yungmoon Chang (S.B.N. 311673)
                                               yungmoon.chang@kirkland.com
11                                             KIRKLAND & ELLIS LLP
                                               2049 Century Park East
12                                             Los Angeles, CA 90067
                                               Telephone: (310) 552-4200
13                                             Facsimile: (310) 552-5900

14                                             *Attorneys for Defendant Epic Games, Inc.*

15

16

17

18

19

20

21

22

23

24 ───────────────

25 [1]   For the convenience of the Court, the Cendali Declaration also attaches certain
      legal authorities cited in Epic's memorandum of law.  Cendali Decl. Exs. C–H.
26    The Court does not require judicial notice to consider those materials.  Fed. R.
      Evid. 201; *United States ex rel. Robinson Rancheria Citizens Council v. Borneo,*
27    *Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that a court "may take notice of
      proceedings in other courts, both within and without the federal judicial system, if
28    those proceedings have a direct relation to matters at issue").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing **DEFENDANT EPIC GAMES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP)** with the Clerk of the Court by using CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF.

/s/ *Dale M. Cendali*
Dale M. Cendali